Litacinarte INDAH, Petitioner,

v.

Alberto R. GONZALES, Respondent.

Nos. 05–4931–ag(L); 05–6553–ag(con).

United States Court of Appeals, Second Circuit.

Feb. 1, 2007.

**38**

H. Raymond Fasano, New York, New York, for Petitioner.

Patrick J. Fitzgerald, United States Attorney, Edmond E. Chang, Brian R. Havey, Craig A. Oswald, Assistant United States Attorneys, Chicago, Illinois, for Respondent.

PRESENT: Hon. WALKER, Hon. SONIA SOTOMAYOR, and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Litacinarte Indah, a native and citizen of Indonesia, seeks review of an August 19, 2005 order of the BIA summarily affirming the April 29, 2004 decision of immigration judge ("IJ") Sandy Hom denying Indah's applications for asylum and withholding of removal. *In re Litacinarte Indah*, No. A97 160 236 (B.I.A. Aug. 19, 2005), *aff'g* No. A97 160 236 (Immig. Ct. N.Y. City April 29, 2004). She also petitions for review of the BIA order denying her motion to reconsider its initial affirmance of the IJ's decision. *In re Litacinarte Indah*, No. A97 160 236 (B.I.A. Nov. 11, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 159 (2d Cir.2004). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). _Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). Notwithstanding that provision, however, this Court retains jurisdiction to review constitutional claims and "questions of law." 8 U.S.C. § 1252(a)(2)(D). "Questions of law" include matters of statutory and regulatory construction, *see Xiao Ji Chen v. U.S. Dept. of Justice*, 434 F.3d 144, 152–54 (2d Cir.2006); *Joaquin–Porras v. Gonzales*,

435 F.3d 172, 178–80 (2d Cir.2006). Because Indah does not present this Court with any legal or constitutional arguments regarding the agency's one-year bar finding, we do not have jurisdiction to review the agency's rejection of her asylum application on timeliness grounds.

The IJ's finding that Indah failed to meet her burdens of proof is substantially supported by the record as a whole. As neither Indah's life nor freedom was threatened by the daily verbal harassment and as there is no evidence that the construction worker who touched her approached Indah because of her Chinese ethnicity or her Christian religion, the IJ was reasonable in concluding that an unwanted sexual advance by an anonymous construction worker did not constitute persecution on account of a protected ground. *See Matter of Acosta*, 19 I. & N. Dec. 211, 222 (B.I.A.1985), *overruled, in part, on other grounds, INS v. Cardoza–Fonseca*, 480 U.S. 421, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987); *accord Ivanishvili v. U.S. Dep't*, 433 F.3d 332, 342 (2d Cir.2006). The IJ's finding that Indah failed to establish that she would likely be persecuted on return to Indonesia is also supported by substantial evidence in the record. The IJ was reasonable in determining that Indah's return to Indonesia after two trips abroad as well as her family's continued safe residence in Indonesia undermined her claim of a fear of future persecution. *See In Re A–E–M–*, 21 I. & N. Dec. 1157 (B.I.A.1998). He also reasonably determined that country conditions in Indonesia did not indicate that Indah would likely be persecuted on return. *See Tian–Yong Chen v. INS*, 359 F.3d 121, 130 (2d Cir. 2004); *Tu Lin v. Gonzales*, 446 F.3d 395, 400 (2d Cir.2006). The IJ's determination that Indah failed to meet her burden of proof for withholding of removal is thus supported by substantial evidence in the record.

Indah's motion to reconsider, filed with the BIA in September 2005, argued that the BIA failed to consider changed country conditions in Indonesia that would support a fear of future persecution. She alleged that her background materials established a worsening situation in Indonesia from the time of her arrival in the United States until she filed her asylum application, and thus her application was filed in a timely fashion. The BIA denied the motion to reconsider, finding no error in its summary affirmance of the IJ's decision. Relying on 65 Fed.Reg. 76,121, 76,123–24 (Dec. 6, 2000) it noted that because Indah did not file for asylum within six months of the expiration of her lawful nonimmigrant status, she failed to show extraordinary circumstances that would permit a late filing. As discussed above, this Court does not have jurisdiction to review the agency's determination that an alien's asylum application is time-barred in the absence of constitutional or legal arguments presented by the petitioner. *See* 8 U.S.C. § 1158(a)(2)(B); 8 U.S.C. § 1252(a)(2)(D); *Xiao Ji Chen*, 434 F.3d at 153–54. Additionally, as discussed above, the agency did not err in its consideration of the country condition evidence in the record or in its conclusion that such evidence did not support a finding that Indah would likely be persecuted on return to Indonesia. As such, the BIA did not abuse its discretion in finding no error of law in its summary affirmance of the IJ's decision and denying the motion to reconsider.

For the foregoing reasons, the petitions for review are DISMISSED in part and DENIED in part. Any pending motion for a stay of removal in this petition is DENIED as moot.